Trotter, to use, *v.* State Mutual Benefit Society,
Appellant.

Argued October 2, 1934.

Before TREXLER, P. J., KELLER,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*George J. Edwards, Jr.,* for appellant.

*Abraham Friedman,* for appellee, filed no brief.

PER CURIAM, May 7, 1935:
The defendant, a corporation, chartered in this state
prior to the Act of May 20, 1921, P. L. 916, under para-

graph IX of Section 2 (first class) of the Act of April 29, 1874, P. L. 73, issued to Victor A. Trotter, on February 20, 1933, a certificate agreeing to pay to the beneficiary named, Ethel Trotter, one hundred dollars at his death, unless he died of heart disease, consumption or nephritis within one year thereafter, in which event the corporation would pay only one-half of said amount. Victor A. Trotter died on August 4, 1933. Proof of death was duly furnished defendant, but payment of the certificate was refused. Suit to recover was brought before a magistrate, who entered judgment for the plaintiff. An appeal was taken to the municipal court.

To the plaintiff's statement, claiming $100 under the certificate, defendant filed an affidavit of defense, alleging (1) that it did not agree to pay more than $50 in case the member died of heart disease, consumption or nephritis within one year of the date of the certificate; and that Victor A. Trotter died within one year of the date of the certificate of cerebral embolism and aortitis, with rheumatic fever as a contributory cause of death; (2) that the certificate was void and ultra vires because it also provided for the payment of $100 to the member himself, if living at the end of ten years, and could not lawfully be issued by societies such as the defendant. The court entered judgment against defendant for $50 for want of a sufficient affidavit of defense, with leave to proceed for the balance claimed. Defendant appealed.

As plaintiff did not appeal, we are not called upon to decide whether "cerebral embolism and aortitis" constitute "heart disease." Our action in affirming this judgment is not to be understood as so holding. Nor is it necessary for us to decide whether the agreement on the part of the defendant to pay its member one hundred dollars if he is living at the end of ten years, is void and of no effect. We will meet that question

when it properly comes before us. This is not an action on the endowment clause of the certificate. It is a death claim. The defendant had legal warrant and authority to issue to Trotter a certificate for $100 payable, in the event of his death, to his named beneficiary. That it may have included in the certificate an additional agreement which it had no power to make does not render void the provision it did have power to make. The provisions are severable. That which is assuredly legal will be upheld.

The judgment is affirmed.